# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-2375
_____

United States of America

*Plaintiff - Appellee*

v.

Harley A. Pospisil

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: March 19, 2021
Filed: July 20, 2021
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and KOBES, Circuit Judges.

_____

PER CURIAM.

Harley Pospisil was charged with receiving child pornography, 18 U.S.C. § 2252A(a)(2), and possessing child pornography, 18 U.S.C. § 2252A(a)(5)(B). The

district court[1] denied his motion to suppress images from his cell phone, and he pleaded guilty. He appeals the denial of his motion to suppress. We affirm.

I.

Pospisil's girlfriend, Cathy Klay,[2] told police that she found thousands of suspicious pictures on Pospisil's computer and cell phone. She copied them onto storage devices and turned them over to police. She also gave them a written statement explaining that she found the pictures on Pospisil's computer and on his Samsung Galaxy smartphone.

After police saw the images, an officer applied for a warrant. A Missouri state judge issued a warrant authorizing police to seize and search "any and all electronic data processing and storage devices, computer[s,] and computer systems" found in Pospisil's home. D. Ct. Dkt. 115 at 3. Neither the affidavit nor the warrant specifically mentioned a cell phone. When officers executed the warrant, they found a laptop and a cell phone. Pospisil admitted to owning both. Police found child pornography on both devices and arrested him.

Pospisil was charged with one count of receiving child pornography and two counts of possessing child pornography. He moved to suppress the evidence from his cell phone, arguing that the phone was outside the scope of the warrant. The district court denied his motion. Pospisil then pleaded guilty, reserving his right to appeal the denial. He was given a below-Guidelines sentence of 96 months.

---

[1]The Honorable Audrey G. Fleissig, United States District Judge for the Eastern District of Missouri, partially adopting the report and recommendations of the Honorable Noelle C. Collins, United States Magistrate Judge for the Eastern District of Missouri.

[2]Ms. Klay's last name is spelled more than one way in the record. For consistency's sake, we adopt the spelling used in the Magistrate's report and recommendations. D. Ct. Dkt. 105 at 2.

Pospisil raises one issue on appeal: whether the evidence seized from his cell phone should have been suppressed because the warrant did not specifically include cell phones.

## II.

"On appeal from the denial of a motion to suppress, we review the district court's findings of fact for clear error and its legal conclusions *de novo*." United States v. Stevenson, 727 F.3d 826, 829 (8th Cir. 2013). The Fourth Amendment prohibits unreasonable searches and seizures and requires search warrants to be supported by probable cause and to "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. If evidence was gathered in violation of the Fourth Amendment, it may be suppressed under the exclusionary rule. United States v. Leon, 468 U.S. 897, 906 (1984). But if that evidence is obtained pursuant to a search warrant, the good faith exception to the exclusionary rule may apply. Id. at 922–23.

Pospisil first argues that because the search warrant did not list his cell phone, all the evidence seized from the phone must be suppressed. Pospisil tries to draw a parallel between his case and Riley v. California, but his argument falls short. While Riley dealt with "warrantless search[es] incident to a lawful arrest," 134 S. Ct. 2473, 2482 (2014), the officers here got a warrant to seize and search "electronic data processing and storage devices, computer[s,] and computer systems" before entering Pospisil's home. D. Ct. Dkt. 115 at 3. This is not like the warrantless searches in Riley.

Pospisil alternatively argues that the Leon good faith exception cannot apply to the search of his cell phone. He says that because police were "armed with sufficient knowledge . . . to name [Pospisil's] Samsung phone . . . with sufficient particularity" but failed to list the phone, applying the Leon good faith exception here would "reward[] negligent or careless police work." Pospisil Br. 17.

For the purposes of this appeal, we assume without deciding that Pospisil's cell phone was beyond the warrant's scope.[3] The question, then, is "whether the officers reasonably believed that the warrant authorized the search, even if their interpretation was mistaken." United States v. Suellentrop, 953 F.3d 1047, 1050 (8th Cir. 2020) (emphasis omitted).

The warrant here authorized seizing and searching "electronic data processing and storage devices, computer[s,] and computer systems." D. Ct. Dkt. 115 at 3. In Suellentrop, a case involving a similar warrant, we explained that "it was not unreasonable for investigators to believe that the state warrant authorized the search of [the defendant's] phone, along with other electronic devices that might be found [in his home]." 953 F.3d at 1051. Consistent with Suellentrop, we conclude that searching Pospisil's cell phone was at least "among the objectively reasonable honest mistakes that the Fourth Amendment tolerates." Id.; see also Maryland v. Garrison, 480 U.S. 79, 87 (1987). The good faith exception to the exclusionary rule applies here.

III.

The judgment of the district court is affirmed.

_____

---

[3]The district court did the same, noting that the Government "did not object to the Magistrate Judge's conclusion that the cell phone was not covered by the warrant." D. Ct. Dkt. 115 at 4 n.2.